IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WENDY ELLEN BAYLESS                                                                  PLAINTIFF

v.                              4:18cv00486-BSM-JJV

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration                                                       DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Wendy Ellen Bayless, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite her impairments. (Tr. 17-27.)

This review function is extremely limited. A court's function on review is to

1

determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend Plaintiff's Complaint be DISMISSED.

Plaintiff was fifty-six years old at the administrative hearing. (Tr. 35.) She testified she went as far as the twelfth grade in school but says her "education level was around the fourth grade." (*Id.*) Although she says her education level was limited, she also testified she was not enrolled in special education classes. (Tr. 36.) Ms. Bayless has no past relevant work. (Tr. 25, 39.)

The ALJ[1] found Ms. Bayless had not engaged in substantial gainful activity since June 1, 2014 - the alleged onset date. (Tr. 19.) She has "severe" impairments in the form of "possible borderline intellectual functioning, depression and anxiety." (*Id*.) The ALJ further found Ms. Bayless did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-21.)

The ALJ determined Ms. Bayless had the residual functional capacity to perform "work at all exertional levels except she is limited to unskilled work involving superficial interpersonal contact." (Tr. 21.) Because Ms. Bayless has no past relevant work, the ALJ utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 54-56.) With the assistance of the vocational expert, the ALJ concluded Plaintiff could perform the jobs of poultry icer, machine packager, and stamper. (Tr. 26.) Accordingly, the ALJ determined Ms. Bayless was not disabled. (Tr. 26-27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

In support of her Complaint, Plaintiff argues the ALJ's residual functional capacity assessment was flawed. (Doc. No. 10 at 5-10.) Ms. Bayless raises several points in advancing her argument, but this case really rests on whether the ALJ correctly analyzed her abilities based on her activities of daily living. The ALJ's decision is largely based on the fact Mr. Bayless is the caregiver of her elderly mother. (Tr. 24-25.) The ALJ concluded:

> The claimant's activities of daily living and adaptive functioning do not support a finding of disability. The claimant lives with family and appears to essentially maintain the household in regard to preparing meals and performing household chores. She manages herself as well as providing care to her elderly mother who reportedly has some degree of dementia. The claimant's described activities of daily living and adaptive functioning do not reflect a lifestyle limited by disabling conditions.

(Tr. 25.)

Upon close review of the hearing transcript, I find the ALJ's conclusion is fairly supported by Plaintiff's own testimony. (Tr. 43-48, 50-51.) I also note Plaintiff testified she also serves as caregiver to her impaired brother. She testified, "I have to carry him to the VA, and carry him to take care of his meds and all that stuff, too." (Tr. 51.) And while Ms. Bayless testified she did not take care of the family finances, (Tr. 38), the ALJ recognized she "told Dr. Faucett that she was able to manage personal finances without assistance. . . ." (Tr. 24, 309.)

Ms. Bayless believes that ALJ failed to give fair consideration to the Medical Source Statement provided by Nancy J. Toombs, Ph.D. Again, the ALJ considered Plaintiff's activities of daily living and concluded "Dr. Toombs [*sic*] assessment is an underestimate of the claimant's abilities and is accorded little weight." (Tr. 25.) The ALJ instead gave

significant weight to the conclusions of John M. Faucett, Ph.D., and Sheri L. Simon, Ph.D. (Tr. 25, 95-98, 305-310.) I find no error here because it is the function of the Commissioner to weigh conflicting evidence and to resolve disagreements among physicians. *Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007). The ALJ's decision in this regard is supported by substantial evidence.

Ms. Bayless has some limitations and I am sympathetic to her claims. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case. I agree with the Commissioner that Plaintiff has simply not met her burden of proving she is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff has advanced other arguments that I find are without merit. Plaintiff's counsel has done an excellent job of advocating for her rights in this case. Yet it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The

Commissioner's decision is not based on legal error.

IT IS, THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE